13 CV 7645

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
MARTIN PRINCE,

                         Plaintiff,

    -against-                         COMPLAINT

THE CITY OF NEW YORK and           PLAINTIFF DEMANDS A
JOHN DOES 1-6,                                 TRIAL BY JURY

                        Defendants.
----------------------------------------X

      Plaintiff, Martin Prince, by his attorneys, Reibman & Weiner, as and for his Complaint, hereby alleges as follows, upon information and belief:

## PARTIES, VENUE, and JURISDICTION

      1.    At all times hereinafter mentioned, plaintiff, Martin Prince, was an adult male resident of New York County, in the State of New York.

      2.    At all relevant times hereinafter mentioned, defendant, City of New York ("New York City"), was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York and acts by and through its agencies, employees and agents, including, but not limited to, the New York City Police Department ( NYPD ), and their employees.

      3.    At all relevant times hereinafter mentioned, the Doe defendants were employed by the City of New York as members of the NYPD and assigned to the 47th Precinct. The Doe defendants are sued herein in their official and individual capacities.

4. This Court has jurisdiction of this action pursuant to 28 U.S.C. §§ 1331, 1343 and 1367, and 42 U.S.C. § 1983.

5. Venue is properly laid, pursuant to 28 U.S.C. Section 1391, et seq. in the Southern District of New York, where the plaintiff and defendant City of New York reside, and where the majority of the actions complained of herein occurred.

## RELEVANT FACTS

6. On November 17, 2012, at about 4:00 a.m., plaintiff, Martin Prince, was present in front of or near 3304 White Plains Road, in the Bronx, New York.

7. At this time, plaintiff was approached by unknown individuals who robbed him.

8. Thereafter, plaintiff ran from the scene of the robbery.

9. As he was running from the scene of the robbery, without identifying themselves, the individual defendants began chasing plaintiff.

10. Plaintiff, believing that he was being chased by the individuals who just robbed him, continued to run for a few more few blocks from the scene of the robbery.

11. The individual defendants caught up to plaintiff, knocked him to the ground, and began beating him with their hands and batons.

12. Plaintiff told the defendants that he had just been robbed.

13. The defendants handcuffed plaintiff, and continued to beat him even after he was in handcuffs.

14. As a result of the attack on the plaintiff by the defendants, plaintiff

sustained serious permanent injuries requiring follow-up treatment.

15. At no time did plaintiff resist arrest or engage in any other violent or threatening behavior.

16. The defendants then transferred plaintiff to a local area precinct of the NYPD believed to be the 47th Precinct where he was held for several hours before he was transferred to Montefiore medical center to receive treatment for the injuries he sustained at the hands of the defendants.

17. Plaintiff was then transferred to Bronx County Central Booking where he was arraigned on various criminal charges, including two counts of disorderly conduct, one count of resisting arrest, and one count of criminal possession of a controlled substance in the seventh degree, a misdemeanor.

18. Upon information and belief, the Bronx County District Attorney ("BCDA") agreed to dismiss the charges of disorderly conduct and resisting arrest, in exchange for plaintiff agreeing to plead to one count of criminal possession of a controlled substance in the seventh degree, a misdemeanor, which would be discharged after one year.

19. Pursuant to this offer, plaintiff pleaded guilty to criminal possession of a controlled substance in the seventh degree.

20. In exchange, the BCDA dismissed all of the other charges against plaintiff, including all allegations that plaintiff had resisted arrest.

21. The decision to use force against plaintiff was objectively unreasonable under the circumstances.

22. At no time did any of the defendants have sufficient legal cause to utilize any level of force against plaintiff, much less the amount of force actually employed, nor was there a reasonable basis for defendants to believe that such cause existed.

23. At no time did any of the defendants take any steps to intervene in, prevent, or otherwise limit the unlawful and unconstitutional use of force by the other defendants.

24. The individual defendants intentionally and deliberately gave false statements in an attempt to justify the unconstitutional use of force against the plaintiff.

25. At all times relevant herein, the defendants, including the Doe defendants, were acting within the scope of their employment, and their acts were done in furtherance of the City of New York's interests and without legal justification or excuse.

## FIRST CAUSE OF ACTION

26. Plaintiff repeats the allegations contained in each of the foregoing paragraphs as though stated fully herein.

27. The defendants willfully and intentionally subjected plaintiff to excessive force by employing more force than reasonably necessary under the circumstances, and without a reasonable basis to believe that the use of such force was appropriate, reasonable, lawful, or necessary.

28. The defendants either participated in the assault or stood by and permitted it to proceed without making any attempt to intervene and stop it from continuing.

29. By so doing, the individual defendants, individually and collectively, subjected the plaintiff to an excessive use of force and thereby violated of plaintiff's rights under the Fourth and Fourteenth Amendments of the United States Constitution.

30. By reason thereof, the individual defendants have violated 42 U.S.C. §1983 and caused plaintiff to suffer emotional and physical injuries, mental anguish, and the loss of his constitutional rights.

## SECOND CAUSE OF ACTION

31. Plaintiff repeats the allegations contained in each of the foregoing paragraphs as though stated fully herein.

32. Defendant, City of New York, was responsible for ensuring that reasonable and appropriate levels of supervision were in place within and over the NYPD.

33. The municipal defendant had actual or constructive knowledge that there was inadequate supervision over and/or within the NYPD with respect to its members' abuse of their authority, use of excessive force, abuse of arrest powers, and other blatant violations of the United States Constitution and the rules and regulations of the NYPD. Despite ample notice of inadequate supervision, defendants took no steps to ensure that reasonable and appropriate levels of supervision were put place to reasonably ensure that NYPD members engaged in police conduct in a lawful and proper manner, including their use of their authority as law enforcement officers with respect to the general public, including, and specifically, the plaintiff herein.

34. For example, the municipal defendant and defendant Miller were both defendants in the action entitled *Raymond Jarvis v. City of New York, et al.*, docketed in this district under 08 CV 3069. In that action, plaintiff Jarvis alleged that multiple officers, including Miller, subjected him to excessive force by beating him up when he complained about being stopped on the street. That case was settled for $150,000.

35. Notwithstanding the nature of the allegations in the Jarvis case, or the case of *Mosely v. City of New York, et al.*, 10 CV 339, also brought in this district, in which the pro se plaintiff alleged that the defendants falsely arrested him, the municipal defendant has taken no steps to investigate Miller or otherwise review his conduct or the supervision over his conduct.

36. The defendant, City of New York, deliberately and intentionally chose not to take action to correct the chronic, systemic, and institutional misuse and abuse of police authority by its NYPD employees, including these defendants, and thereby deliberately and intentionally adopted, condoned, and otherwise created through deliberate inaction and negligent supervision, an NYPD policy, practice, and custom of utilizing illegal and impermissible searches, arrests, and detentions, and the manufacturing of evidence, in the ordinary course of NYPD business in flagrant disregard of the state and federal constitutions, as well as the Patrol Guide, up to and beyond the plaintiff's arrest.

37. All of the acts and omissions by the individual defendants described above were carried out pursuant to overlapping policies and practices of the municipal defendant in their capacities as police officers and officials pursuant to customs, policies,

usages, practices, procedures and rules of the City and the NYPD, all under the supervision of ranking officers of the NYPD

38. The aforementioned customs, practices, procedures, and rules of the City and the NYPD include, but are not limited to, the following unconstitutional practices:

a. Using excessive force on individuals, including but not limited to those who have already been handcuffed;

b. Failing to supervise, train, instruct and discipline police officers and encouraging their misconduct;

c. Discouraging police officers from reporting the corrupt or unlawful acts of other officers;

d. Retaliating against officers who report police misconduct; and

e. Failing to intervene to prevent the above-mentioned practices when such intervention is reasonably available.

39. The existence of aforesaid unconstitutional customs and policies may be inferred from repeated occurrences of similar wrongful conduct, as documented by the many civil actions filed in the Eastern and Southern Districts of New York, as well as in New York State Supreme Court throughout the five boroughs of the City of New York.

40. In an Order dated November 25, 2009, in *Colon v. City of New York*, 09-CV-0008 (E.D.N.Y.), the Hon. Jack B. Weinstein stated:

> Informal inquiry by the court and among the judges of this court, as well as knowledge of cases in other federal and state courts, has revealed anecdotal evidence of repeated, widespread falsification by arresting police officers of the New York City Police Department. Despite numerous inquiries by commissions and strong reported efforts by the present administration --

through selection of candidates for the police force stressing academic and other qualifications, serious training to avoid constitutional violations, and strong disciplinary action within the department -- there is some evidence of an attitude among officers that is sufficiently widespread to constitute a custom or policy by the city approving illegal conduct of the kind now charged.

41. Furthermore, more than half the time that the Civilian Complaint Review Board refers substantiated complaints against officers to the NYPD for disciplinary action, the NYPD either simply issues a verbal warning or drops the charges altogether.

42. It is therefore clear that the municipal defendant has not only tolerated, but actively fostered a lawless atmosphere within the NYPD and that the City of New York was deliberately indifferent to the risk that the inadequate level of supervision would lead to the violation of individuals' constitutional rights in general, and caused the violation of plaintiff's rights in particular.

43. By reason thereof, the individual defendants have violated 42 U.S.C. §1983 and caused plaintiff to suffer emotional and physical injuries, mental anguish, and the loss of his constitutional rights.

## DEMAND FOR A JURY TRIAL

Pursuant to Fed. R. Civ. P. 38, plaintiff hereby demands a jury trial of all issues capable of being determined by a jury.

WHEREFORE, the plaintiff demands judgment against defendants jointly and severally as follows:

i. on each of the foregoing causes of action, actual and punitive damages in an amount to be determined at trial;

ii. statutory attorney's fees pursuant to, *inter alia*, 42 U.S.C. §1988 and New York common law, disbursements, and costs of this action; and

iii. such other relief as the Court deems just and proper.

Dated: Brooklyn, New York
October 28, 2013

Reibman & Weiner
Attorneys for Plaintiff
26 Court Street, Suite 1808
Brooklyn, New York 11242
718-522-1743

Jessica Massimi (JM- 2920)